UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ERBY FREEMAN,

    *Plaintiff*,

v.

HEIDI WASHINGTON,
and JOHN DOE,

    *Defendants*.

_____/

CASE NO. 5:20-CV-12637
DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgement (ECF No. 15) be **GRANTED.**

**II.  REPORT**

    **A.  Background**

On September 17, 2020, Plaintiff Joseph Erby Freeman, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment.  He was incarcerated at the Saint Louis Correctional Facility at the time of the events alleged in the complaint. (ECF No.1, PageID.1).  He alleges that "[t]he Defendants allowed the Plaintiff to walk on a

1

broken ankle for six months despite the Plaintiff complaining of pain, and bleed[ing]." (*Id*. at PageID.9.) He alleges that although medical records showed that his ankle would not heal without surgery, the Defendants "kept sending the Plaintiff to obtain x-rays, while telling the Plaintiff to man up. And that his ankle will not heal if he kept babying it." (*Id*. at PageID.11.) He alleges that "having the Plaintiff walk on a broken ankle for several months amounts to no treatment at all." (*Id*. at PageID.12.)

Appended to Plaintiff's complaint is his Step I grievance form regarding his complaint that he was not receiving adequate care for his ankle. Defendant Heidi Washington is not named in the grievance. (*Id*. at PageID.14.) Nor does his Step II or Step III appeal name Washington. (*Id*. at PageID.17, 19, 22.)

B. **Summary Judgment Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at

587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such a ministrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined

"proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Woodford*, 548 U.S. at 90.

MDOC Policy Directive 03.02.130, dated July 9, 2007, prescribes the three-step administrative exhaustion process for grievable matters. (ECF No. 15-2, PageID.89-95). At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ P, V. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ BB. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ FF.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ R provides:

> "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." (Underscore in the original).

Appended to Defendant's motion as Exhibit 2 is Plaintiff's grievance documentation as to Grievance Identifier SLF-18-03-0375-12-D1. (ECF No. 15-3, PageID.96-104.) This is the same documentation that Plaintiff attached to his

5

complaint. Although Plaintiff appealed this grievance through all three steps of the process, he at no time named Defendant Washington, nor does it indicate what she did. Because he did not comply with the policy directive requiring that a Defendant be named, he has not properly exhausted Defendant Washington.

### D. Lack of Personal Involvement

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id.* at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

The single reference to Defendant Washington in the complaint is as follows:

Defendant Heidi Washington is the director of the Michigan Department of Corrections. She is legally responsible for the overall operations of the Department of Corrections, and each institution under

6

its jurisdiction, including Saint Louis Correctional Facility. (ECF No. 1, PageID.1).

There is no statement that Washington had any personal involvement in Plaintiff's medical care. Rather, Plaintiff bases his claim against her on a theory of respondeat superior.  Defendant Washington should therefore be dismissed.

Ordinarily, a dismissal for failure to exhaust is without prejudice.  *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D. Mich. 2011). However, 42 U.S.C. § 1997e(c) provides that if a complaint fails to state a claim upon which relief can be granted, it may be dismissed without requiring exhaustion:

> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

Therefore, notwithstanding that Plaintiff has not exhausted his administrative remedies as to Defendant Washington, he has not alleged her personal involvement, and has thus failed to state a claim upon which relief can be granted. Defendant Washington should therefore be dismissed with prejudice.

### E. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant Washington's Motion for Summary Judgement be **GRANTED**, and that she be **DISMISSED WITH PREJUDICE.**

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each

issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 30, 2021           s/ Patricia T. Morris
                                Patricia T. Morris
                                United States Magistrate Judge