## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOSEPH ERBY FREEMAN,

            *Plaintiff*,

*v.*

JOHN DOE,

            *Defendant.*

_____/

CASE NO. 5:20-CV-12637

DISTRICT JUDGE JUDITH E. LEVY

MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION TO DISMISS "JOHN DOE" DEFENDANT

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the unidentified defendant ("John Doe") be dismissed and that the case be closed.

### II.    REPORT

#### A.    Procedural and Factual Background

On September 17, 2020, Plaintiff Joseph Erby Freeman, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. He was incarcerated at the Saint Louis Correctional Facility at the time of the events alleged in the Complaint. (ECF No. 1, PageID.1). The Complaint names the Director of the MDOC, Heidi Washington,

1

and "John Doe, Warden of the St. Louis Correctional Facility and Health Care Manager."[1] (*Id*. at PageID.1-2).

On February 8, 2022, the District Court adopted my Report and Recommendation to dismiss Defendant Washington on the basis that Plaintiff had not exhausted his administrative remedies before filing suit. (ECF Nos 19, 21). A copy of the Report and Recommendation, mailed to the address provided by Plaintiff, was returned as undeliverable. (ECF Nos. 20). On July 12, 2022, Plaintiff was ordered to identify the John Doe defendant so that service could be effected under Fed. R. Civ. P. 4(m). (ECF No. 22). This order was also returned as undeliverable. (ECF No. 23).

Although Plaintiff was responsible for updating his address, on August 30, 2022 the undersigned updated his address *sua sponte* and extended the time for Plaintiff to identify the Doe defendant until September 30, 2022. (ECF No. 24). Plaintiff was warned that the failure to identify the Doe defendant by that date would result in a recommendation that the case be dismissed. (*Id*.). To date, Plaintiff has neither identified the Doe defendant nor responded in any way to the August 30, 2022 order.

**B.  Rule 41(b)**

---

[1]It is unclear whether "Warden . . . and Health Care Manager" refers to one or two individuals.  The Court refers to the non-named defendant(s) in the singular.

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel.Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could    lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, Plaintiff is at fault for not updating his address. While the undersigned updated his address as a one-time courtesy on August 30,

2022, "[p]ro se litigants have the same obligation as an attorney to notify the Court of a change of address." *Dorsey v. Gidley*, No. 18-CV-10338, 2020 WL 8674171, at *1 (E.D. Mich. July 20, 2020). They have "the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [their] current address." *Id.* (internal citations omitted). Moreover, in a notice dated November 24, 2020, Plaintiff was explicitly warned that under E.D. Mich. LR 11.2, he was required to notify the Court and all parties to the action of any changes to his "address, e-mail address, phone number, and/or other contact information." (ECF No. 9). While the second order to name the Doe defendant was sent on August 30, 2022 to Plaintiff's updated address, the September 20, 2022 deadline for responding has long passed. Because Plaintiff is at fault for not updating his address and for failing to respond to multiple orders to identify the Doe defendant, the first factor under Rule 41(b) is met.

Looking at the second factor, there is no identifiable prejudice to the unnamed defendant at this point, beyond the lengthy passage of time. The third factor, however, weighs heavily against the Plaintiff, since he given was very clear notice on July 12, 2022 that the failure to name the Doe defendant could result in the dismissal of the action and on August 30, 2022 that his failure to timely name the defendant *would* result in a recommendation of dismissal. (ECF Nos. 22, 24).

Under the fourth factor, the courts generally consider whether less drastic

sanctions were imposed or considered before dismissal. However, Plaintiff, incommunicado for almost two years, has clearly abandoned this case. *See Wiggins v. Daymar Colleges Grp., LLC*, 317 F.R.D. 42, 46 (W.D. Ky. 2016) (dismissing under Rule 41(b) where "[t]he continued silence from the missing Plaintiffs strongly indicates that they have abandoned any interest in prosecuting this case"). Here, Plaintiff's failure to communicate with the Court also prevents imposing lesser sanctions. "The Court also cannot effectively impose sanctions other than dismissal on absentee parties . . . without a party to receive the sanction, it has no purpose." *Id.* Consistent with *Wiggins*, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"). The fourth factor therefore weighs in favor of dismissal.

Because the three applicable factors support dismissing Plaintiff's civil case, I recommend dismissal of the civil case for failure to prosecute.

### C. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that the unidentified defendant ("John Doe") be dismissed and that the case be closed.

## III.  <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a

concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 19, 2022                    s/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge